U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 0 1 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **TERRENCE C. ANDERSON** | **CIVIL ACTION NO. 05-0946** |
| **VERSUS** | **SECTION "P"** |
| **WARDEN BURL CAIN** | **JUDGE DRELL** |
| | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Terrence C. Anderson, ("Petitioner") pursuant to 28 U.S.C. § 2254. The petition was received and filed in this court on May 31, 2005. Petitioner is currently confined in the Louisiana State Penitentiary in Angola, Louisiana, and names Warden Burl Cain as respondent.

Petitioner challenges his state court conviction for manslaughter. Petitioner pled not guilty and was tried by jury and convicted on July 18, 1996 in the Ninth Judicial District Court of Louisiana for Rapides Parish. On August 29, 1996 he was sentenced to forty- years (40) hard labor. Petitioner directly appealed his conviction to the Third Circuit Court of Appeal, and the conviction was affirmed April 30th, 1997. [Rec. Doc. 1-4, p.7] The sentence was vacated and remanded for re-sentencing. On November 7, 1997, the Louisiana Supreme Court denied relief in 97-k-1439. Petitioner was re-sentenced on a multiple offender bill

1

[Doc. 1-4, p. 7] On November 16, 2001, Petitioner's application for writ review of his sentence was denied by the Louisiana Supreme Court, making his direct appeal process final and exhausted. [Doc. 1-3, p.5] Petitioner's attorney on appeal notified him that he had two years to file an application for post-conviction relief in the state courts. [Rec. Doc. 1-3, p. 5]

On November 13, 2003, Petitioner filed an application for post-conviction relief in the 9th J.D.C., Parish of Rapides. [Doc. 1-4, p.8] This was denied on November 17, 2003. [Id.] On December 10th, 2003, Petitioner sought relief in the Louisiana Third Circuit Court of Appeals, who denied relief on January 29, 2004. [Id.] On January 29, 2004 Petitioner appealed the Denial to the Louisiana Supreme Court. [Id.] On March 11, 2005 the Louisiana Supreme Court Denied relief. [Id.]
writ

Upon review of the entire record and for the following reasons, it is recommended that petitioner's *habeas corpus* petition be **DENIED AND DISMISSED WITH PREJUDICE** because his claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

### ISSUES PRESENTED AND PROCEDURAL HISTORY

Petitioner asserts the following grounds in support of this *habeas corpus* petition: (1) Trial Court errors; (2) lack of jurisdiction; (3) due process vioation; (4) the

2

unconstitutionality of La.C.Cr.P. Art. 413 (B); (5) ineffective assistance of counsel; and (6) sentencing errors. [Rec. Doc. 1-4, p. 9]

Petitioner directly appealed his conviction and sentence. This process was final on or about December 31, 2001. [Doc. 1-3, p. 5]

Petitioner filed an application for post-conviction relief in the Ninth Judicial District Court on November 13, 2003. This process was final after the Louisiana Supreme Court denial of his application for a supervisory writ on March 11th, 2005.

Petitioner signed the instant petition for writ of *habeas corpus* on May 27, 2005, and it was filed in this court on May 31, 2005.

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 321, 117 S.Ct. 2059 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation

3

period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A). However, this limitation period cannot be applied retroactively to bar claims by petitioners whose convictions were final prior to the enactment of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998); *Villegas v. Johnson,* 184 F.3d at 469 (5th Cir. 1999); *Flores, supra.*

If the petition is not filed within the one-year grace period, the courts are to apply the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) which provides that the time during which a properly filed application for post-conviction relief was pending is state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Coleman, supra; Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, it should be noted that any lapse of time before the proper filing of an application for post-conviction relief is state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472, citing *Flanagan,* 154 F.3d at 199, n.1. A petitioner cannot revive an expired limitation period simply by filing a petition in state

4

court. *Id.; Bogan v. Moore*, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999); *Sorce v. Artuz* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999).

Petitioner's conviction was final after the enactment of AEDPA. Thus, in order to be timely, his petition for *habeas corpus* relief must have been filed within one year from the date his conviction was final. This one year is calculated by excluding the time during which a properly filed application for post-conviction relief was pending in state court.

In this case, Petitioner's application for post-conviction relief was filed in state court on or about November 13, 2003, approximately two years after his conviction was final in state court. This was after the expiration of the one-year limitation period for filing a petition for *habeas corpus* relief in federal court. The statutory tolling provisions are not applicable because once the limitation period imposed by 28 U.S.C. §2244(d)(1) expired, it cannot be revived by the filing of an application for relief in state court.

Because of the reasons provided above, this Court finds that his petition is barred by the one-year limitations period established by 28 U.S.C. §2244(d)(1).

Accordingly, **IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because

petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (1) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. a party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _15_ day of _September_, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE